```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
KEVIN O. KELLEY,                     :    10 Civ. 2937 (JCF)
                                     :
          Petitioner,                :    MEMORANDUM
                                     :    AND  ORDER
     - against -                     :
                                     :
UNITED STATES OF AMERICA,            :
                                     :
          Respondent.                :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Kevin Kelley brings this petition pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct the sentence imposed on him following his conviction for securities and wire fraud. He argues that his counsel was ineffective. The parties have consented to my presiding over all aspects of this case pursuant to 28 U.S.C. § 636(c). For the reasons that follow, the petition is denied.

Background

Mr. Kelley was indicted on four counts of securities fraud and three counts of wire fraud in February of 2006. (Superseding Indictment ("S. Ind."), attached as Exh. B to Memorandum of Law of the United States of America in Opposition to the Motion ("Resp. Memo.")). The indictment alleged that the petitioner, a registered stock broker employed by Royal Alliance Associates ("Royal Alliance"), defrauded many of his clients by (1) encouraging them to invest in companies in which he held an undisclosed interest, (2) overstating the value of their holdings, and (3) misappropriating their money. (S. Ind.).

1

Prior to the start of trial, the petitioner's attorney, Richard Lind, asked the Honorable Kimba M. Wood, U.S.D.J., to recuse herself pursuant to 28 U.S.C. § 455(a) on the ground that her husband held shares in AIG, the parent company of Royal Alliance. (Order dated April 28, 2006; Transcript dated May 11, 2006 ("5/11/06 Tr."), attached as Exh. C to Resp. Memo., at 2-3). Judge Wood determined that recusal was not warranted because her husband's interest in AIG was extremely small and, moreover, it was not clear that AIG's and Mr. Kelley's interests were adverse. (5/11/06 Tr. at 4-5).

The Government presented thirteen witnesses at the petitioner's jury trial, the last of whom was Postal Inspector Richard Cinnamo, the agent assigned to the petitioner's case. (Memorandum of Law in Support of Petition for Habeas Corpus ("Pet. Memo.") at 6; Resp. Memo. at 1, 3). Mr. Cinnamo gave the jury an overview of Mr. Kelley's fraudulent activities, including at one point interpreting a financial document that showed a loss on one victim's investment. (Pet. Memo. at 6-7; Resp. Memo. at 3). Following the close of the Government's evidence, the defense presented two witnesses, including the petitioner. (Resp. Memo. at 3; Sentencing Transcript ("S. Tr.") at 40). On June 7, 2006, the jury returned a guilty verdict on all seven counts of the indictment. (Resp. Memo. at 5).

In preparation for sentencing, Probation Officer Claude Jean-Baptiste prepared a pre-sentence report to which both the Government and Mr. Lind filed objections. (Letter of Richard B.

2

Lind dated Sept. 26, 2006 ("9/26/06 Lind Letter"); Letter of Steven Feldman dated Aug. 28, 2006, attached as Exh. A to 9/26/06 Lind Letter).  Among other objections, Mr. Lind challenged Mr. Jean-Baptiste's recommendation that Judge Wood apply the 2006 version of the United States Sentencing Commission Guidelines Manual (the "2006 Manual") to calculate Mr. Kelley's sentence.  (9/26/06 Lind Letter at 2-3).  He argued that application of the 2006 Manual would violate the Ex Post Facto Clause of the Constitution, art. I, § 9, cl. 3, because the behavior underlying three of the counts on which the petitioner was convicted had occurred in 2000, at which time an earlier version of the Guidelines Manual (the "2000 Manual") was in effect.  (9/26/06 Lind Letter at 2).  Relying on United States v. Keller, 58 F.3d 884 (2d Cir. 1995), Mr. Lind proposed that Judge Wood avoid the Ex Post Facto Clause problem by using the 2000 Manual to calculate the sentence for all seven of the counts on which the petitioner was convicted.  (9/26/06 Lind Letter at 2-3).

In response to Mr. Lind's objections, which were submitted to Judge Wood as well as to Mr. Jean-Baptiste, Assistant United States Attorney Steven Feldman wrote a letter to Judge Wood on behalf of the Government, arguing that use of the 2006 Manual to calculate the entirety of the petitioner's sentence did not violate the Ex Post Facto Clause.  (Letter of Steven D. Feldman dated Oct. 4, 2006 ("Feldman Letter") at 7-10; 9/26/06 Lind Letter at 14).  Mr. Lind replied by letter, again arguing that application of the 2006 Manual to all the counts of the conviction would violate Mr.

Kelley's constitutional rights.  (Letter of Richard B. Lind dated Oct. 9, 2006 ("10/9/06 Lind Letter") at 2).  In this second letter, however, Mr. Lind suggested that Judge Wood might also avoid the Ex Post Facto Clause problem by adopting a hybrid approach, using the 2000 Manual to calculate the sentence for those counts on which the underlying behavior stopped in 2000 and the 2006 Manual for the remaining counts (the "hybrid approach").  (10/9/06 Lind Letter at 2); see also, e.g., United States v. Johnson, Nos. 97 CR 206, 98 CR 160, 1999 WL 395381, at *10-11 (N.D.N.Y. June 4, 1999), aff'd, 221 F.3d 83 (2d Cir. 2000), superseded, United States v. Kumar, 617 F.3d 612 (2d Cir. 2010).

Judge Wood addressed the parties' Ex Post Facto Clause arguments at the sentencing hearing on November 8, 2006.  (S. Tr. at 1).  After confirming that she had received and reviewed both attorneys' letters, she decided to adopt the hybrid approach, using "the earlier guidelines for the earlier conduct, and the more recent guidelines for the more recent conduct."  (S. Tr. at 3, 18, 30, 34).  This approach yielded a sentencing guideline range of 168 to 210 months' imprisonment.  (Resp. Memo. at 5).  Judge Wood then imposed a prison term of 170 months.  (S. Tr. at 42).

Mr. Kelley appealed his conviction and sentence to the Court of Appeals for the Second Circuit, where Mr. Lind appeared on his behalf.  United States v. Kelley, 305 Fed. Appx. 705, 706 (2d Cir. 2009).  Among the various grounds raised on appeal, the petitioner argued that Mr. Cinnamo gave inappropriate expert testimony and that Judge Wood's use of the hybrid approach violated the Ex Post

4

Facto Clause.  Id. at 708-09.  The Court of Appeals rejected all of Mr. Kelley's arguments and affirmed his conviction and sentence. Id. at 711.  This petition followed.

Discussion

    A. Ineffective Assistance of Counsel

The petitioner alleges that he received ineffective assistance of his trial and appellate counsel because Mr. Lind (1) failed to object properly to Mr. Cinnamo's testimony, (2) "failed to adequately prepare" for Mr. Cinnamo's testimony, (3) "opened the door" to the hybrid approach Judge Wood employed in calculating his sentence, (4) failed to appeal Judge Wood's decision not to recuse herself, (5) failed to argue against the entry of a temporary restraining order ("TRO") in a related civil case, and (6) failed to provide information to the sentencing court that would have led to a reduction in his sentence.  I will address each of these arguments in turn.

    1. Legal Standard

A criminal defendant's claim that he received ineffective assistance of trial or appellate counsel is analyzed according to the principles set forth in Strickland v. Washington, 466 U.S. 668 (1984). See Ortiz v. Artuz, No. 06 Civ. 6444, 2010 WL 3238994, at *2 (S.D.N.Y. Aug. 11, 2010) (citing Smith v. Robbins, 528 U.S. 259, 285 (2000), and Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001)). Under this test, a petitioner must demonstrate (1) that the representation he received "fell below an objective standard of reasonableness," Strickland, 466 U.S. at 688, and (2) "that there

5

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694; accord United States v. De La Pava, 268 F.3d 157, 163 (2d Cir. 2001).  When reviewing counsel's performance, a court should be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  As a result, "'[s]urmounting Strickland's high bar is never an easy task.'"  Harrington v. Richter, __ U.S. __, __, 131 S. Ct. 770, 788 (2011) (quoting Padilla v. Kentucky, __ U.S. __, __, 130 S. Ct. 1473, 1485 (2010)).

        2. Objecting to Mr. Cinnamo's Testimony

The petitioner first claims that Mr. Lind was ineffective because he failed to preserve an objection to allegedly inappropriate expert testimony given by Mr. Cinnamo at trial.  (Petition at 5).  In particular, the petitioner argues that Mr. Cinnamo's interpretation of one victim's tax document was equivalent to expert opinion testimony and, therefore, that Mr. Cinnamo should not have been allowed to give such testimony without first being qualified as an expert.  (Pet. Memo. at 6-10).  Although Mr. Lind raised this claim on direct appeal, the Court of Appeals found that he had failed to make a contemporaneous objection at trial and for that reason reviewed the claim under a more deferential standard.  Kelley, 305 Fed. Appx. at 708.  The petitioner argues that, had Mr. Lind preserved this objection, the Court of Appeals would have conducted a more searching review,

6

leading it to overturn the conviction.  (Pet. Memo. at 10-14).

However, Mr. Kelley fails to note that the Court of Appeals also found no prejudice to him as a result of Mr. Cinnamo's testimony, irrespective of whether the testimony was improper. Kelley, 305 Fed. Appx. at 708 ("[E]ven if there were plain error, Kelley has not demonstrated prejudice."). Without prejudice, there can be no violation of Strickland.  Thus, Mr. Lind's failure to preserve an objection to Mr. Cinnamo's testimony does not constitute ineffective assistance of counsel.

### 3. Preparing for Mr. Cinnamo's Testimony

The petitioner next argues that his counsel was ineffective for failing to "adequately prepare" for Mr. Cinnamo's testimony or to "investigate his background." (Petition at 5). This allegation is too conclusory to meet Strickland's requirements. See Stewart v. Greene, No. 05 Civ. 566, 2009 WL 4030833, at *3 (S.D.N.Y. Nov. 19, 2009) ("Self-serving, conclusory allegations are insufficient to establish ineffective assistance of counsel."). Mr. Kelley has not specified how Mr. Lind failed to prepare for Mr. Cinnamo's testimony or what information favorable to his defense would have been uncovered by an investigation of Mr. Cinnamo's background. He also does not state how Mr. Lind's alleged failure prejudiced his defense.  This claim therefore fails.

### 4. "Opening the Door" to Hybrid Sentencing

In his third claim, the petitioner alleges that Mr. Lind was ineffective for suggesting to Judge Wood that she use the hybrid approach in calculating his sentence, thus waiving his right to

challenge that approach on appeal on Ex Post Facto Clause grounds. (Petition at 5; Pet. Memo. at 18-19); Kelley, 305 Fed. Appx. at 708-09. This claim fails because the petitioner cannot show prejudice. To do so, he would need to establish a "reasonable probability" that, had he been able to challenge Judge Wood's use of the hybrid approach on appeal, his challenge would have been successful. Strickland, 466 U.S. at 694. However, the Second Circuit has never found that the hybrid approach violates the Ex Post Facto Clause. See, e.g., United States v. Santopietro, 166 F.3d 88, 96-97 (2d Cir. 1999) (remanding for resentencing and describing three possible methods of calculating sentence, including hybrid approach), superseded, Kumar, 617 F.3d 612. In fact, it held as recently as 2010 that not even the method recommended by Mr. Jean-Baptiste, pursuant to which Judge Wood would have applied the 2006 Manual to all counts of the petitioner's conviction, violates the Ex Post Facto Clause. Kumar, 617 F.3d at 628. The petitioner has not pointed to any facts specific to his trial or sentence that would have led the Second Circuit to reach a different result than it did in Kumar. Therefore, the petitioner has failed to sustain his claim for ineffective assistance of counsel.

     5. Appealing the Recusal Motion

Next, the petitioner argues that his counsel was ineffective for failing to appeal Judge Wood's decision not to recuse herself. (Petition at 5).

It is well established that appellate counsel "need not

advance every argument, regardless of merit, urged by the appellant." Evitts v. Lucey, 469 U.S. 387, 394 (1985); accord Wynder v. Smith, No. 09 Civ. 4541, 2011 WL 70556, at *12 (S.D.N.Y. Jan. 10, 2011); Purdie v. Graham, No. 09 Civ. 8116, 2010 WL 3912732, at *11 (S.D.N.Y. Sept. 16, 2010); see also Sellan v. Kuhlman, 261 F.3d 303, 317 (2d Cir. 2001). "However, a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994); accord Forte v. LaClair, 354 Fed. Appx. 567, 569 (2d Cir. 2009), cert. denied, __ U.S. __, 130 S. Ct. 1521 (2010). "To establish prejudice in the appellate context, a petitioner must demonstrate that 'there was a reasonable probability that [his] claim would have been successful.'" Mayo, 13 F.3d at 534 (alteration in original) (internal quotation marks omitted) (quoting Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1992)). When appellate counsel is faulted for failing to raise a particular claim on direct appeal, if that claim is "not meritorious, there can be no merit to the claim that appellate counsel should have raised it." Jeremiah v. Artuz, 181 F. Supp. 2d 194, 200 (E.D.N.Y. 2002).

Decisions on recusal motions are reviewed for abuse of discretion, a highly deferential standard of review. Lipin v. Sawyer, 395 Fed. Appx. 800, 801 (2d Cir. 2010). The petitioner has not suggested that Judge Wood's decision constituted an abuse of discretion, especially given her family's minuscule ownership

interest in AIG -- 3,845 out of 2,597,420,000 outstanding shares, or less than .00001%.  (5/11/06 Tr. at 4); see also United States v. Gedinez, 280 Fed. Appx. 47, 49 (2d Cir. 2008) (finding no abuse of discretion where district judge who failed to recuse himself owned .000091% of outstanding shares in bank victimized by defendant's fraud); United States v. Ravich, 421 F.2d 1196, 1205 (2d Cir. 1970) (finding no abuse of discretion where district judge declined to recuse himself despite owning .0072% of outstanding shares in bank defendant was accused of having robbed).  In light of the apparent lack of merit to this claim and the broad discretion given counsel in choosing which issues to raise on appeal, the petitioner has failed to show that Mr. Lind was ineffective for not appealing Judge Wood's recusal decision.

        6. Preventing Entry of a TRO

The petitioner claims that Mr. Lind was ineffective because he "failed to argue against a TRO in a civil case that caused him to be appointed as CJA."  (Petition at 5).  Mr. Kelley has failed to explain why Mr. Lind had any obligation to represent him in a civil proceeding separate from the criminal prosecution in which he was appointed as defense counsel.  Mr. Kelley has also not explained how Mr. Lind could have known to appear at the civil hearing if he was only appointed as his attorney following entry of the TRO. Therefore, this claim fails.

        7. Informing the Sentencing Court of Petitioner's Aid

Finally, the petitioner argues that Mr. Lind was ineffective because he "did not provide at sentencing to the court valuable

service provided by the defendant to the United States of America that require a private briefing and the permission of U.S. gov[ernmen]t agencies." (Petition at 5). The meaning of this statement is not entirely clear; nevertheless, to the extent that Mr. Kelley is accusing Mr. Lind of failing to provide the sentencing court with evidence of aid the petitioner gave to the United States Government, his accusation is too conclusory to support a claim of ineffective assistance of counsel. The petitioner has not explained what services he provided, when, or to whom. Therefore, the petitioner has failed to show that Mr. Lind's assistance was ineffective.

    B. Hearing

Mr. Kelley requests that the Court hold an evidentiary hearing on the claims raised in his petition. (Pet. Memo. at 20). The respondent argues that a hearing would be unnecessary and that the petitioner's claims "may be easily resolved on the existing record." (Resp. Memo. at 17).

In order to trigger the right to a hearing for a petition brought pursuant to 28 U.S.C. § 2255, the petitioner "'must establish that he has a plausible claim of ineffective assistance of counsel.'" Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000) (quoting United States v. Tarricone, 996 F.2d 1414, 1418 (2d Cir. 1993)); see also Massaro v. United States, No. 97 Civ. 2971, 2004 WL 2251679, at *7 (S.D.N.Y. Oct. 5, 2004). Where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no hearing is required. 28

11

U.S.C. § 2255(b). As discussed above, the petitioner's claims are resolvable on the basis of the motions and evidence submitted by the parties, all of which show that he is not entitled to relief. The petitioner has pointed to no issue or claim in particular that requires a hearing, and thus his request is denied.

Conclusion

For the reasons set forth above, the petition is denied. As the petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c); Lucidore v. New York State Division of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000). Any appeal from this order would not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 443-45 (1962).

SO ORDERED.

*[signature: James C. Francis IV]*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       April 26, 2011

Copies mailed this date:

Thomas Dunn, Esq.
7 Dey Street
Suite 804
New York, New York 10007

Daniel C. Richenthal, Esq.
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

12